UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CASEY E. GLYNN, )
 )
    *Plaintiff* )
 )
*v.* ) No. 2:14-cv-02-JHR
 )
CAROLYN W. COLVIN, *Acting* )
*Commissioner of Social Security,* )
 )
    *Defendant* )

## *MEMORANDUM DECISION*[1]

This Social Security Disability ("SSD") appeal includes a motion to admit new evidence (ECF No. 15) and raises the questions of whether the administrative law judge erred in finding that the plaintiff's perianal impairment was not severe and in failing to give correct weight to the opinions of his treating physician. I deny the motion and affirm the commissioner's decision.

### I.     The Motion to Admit New Evidence

The plaintiff seeks to add to the administrative record a treatment record dated August 26, 2013, 11 months after the date of the administrative law judge's opinion, from a treating surgeon, which he characterizes as relating to the period before the date of opinion and demonstrating the severity of one of his alleged impairments. Plaintiff's Motion to Admit New Evidence ("Motion")

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the defendant to file a written opposition to the itemized statement. Oral argument was held before me on December 10, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 25.

1

(ECF No. 15) at [1]-[3]. The defendant opposes the motion. Defendant's Opposition to Plaintiff's Itemized Statement of Specific Errors and Motion to Admit New Evidence ("Opposition") (ECF No. 21) at 4-8.

The defendant correctly points out, Opposition at 4-5, that, since this report was not presented to the Appeals Council, before which the plaintiff's request for review of the administrative law judge's opinion was pending as of the date of the report, the standard of review is provided by 42 U.S.C. § 405(g): a showing that the new evidence is material and that there is good cause for the failure to incorporate it into the record earlier. *McDonald v. Social Sec. Admin. Comm'r*, No. 1:09-cv-473-JAW, 2010 WL 2680338, at *2-*3 (D. Me. June 30, 2010). As was the case in *McDonald*, the instant motion asks this court to

> accept [the plaintiff's] new evidence and potentially overturn the Commissioner's decision based on evidence never presented to the Commissioner. Such an approach would be contrary to the structure of the [Social Security Act], which call[s] for judicial review of the Commissioner's decision. Obviously, the Commissioner cannot be faulted for failing to consider evidence not in existence at the time of the administrative hearing and not presented by [the plaintiff] in an administrative appeal.

*Id*. at *3.

In this case, as in *McDonald*, the motion must be treated as one for remand under sentence six of 42 U.S.C. § 405(g), and the plaintiff must show that the decision from which he appeals might reasonably have been different had the evidence at issue been considered by the commissioner. *Id*. at *2. The plaintiff here asserts that the treatment record that he now proffers "demonstrates that the Plaintiff's perianal pain status post-fistulotomy has persisted since and despite this surgery." Motion at [2]. Contrary to the plaintiff's conclusory statement, this evidence does not necessarily demonstrate that the plaintiff's perianal pain before the date of the administrative law judge's decision "was a severe impairment at Step 2 . . . and remains so." *Id*.

In fact, the proffered treatment note records that "[o]ne year ago he had a colonoscopy and rectal exam under anesthesia and there was no evidence of . . . perianal fistula." Attachment 1 to List of Proposed New Exhibits (ECF No. 15-1) at 1. Thus, his "couple of cycles of perianal pain and pressure . . . culminating in drainage" over the intervening year, *id.*, if due to perianal fistula, a conclusion not reached by the examining physician who made the note, could only have been due to a new fistula that was not present before the date of the administrative law judge's decision, causing the pain of which he complained at the time of the note. Thus, it is not reasonably likely that this note would have caused the administrative law judge to reach a different conclusion.

The motion to admit new evidence is denied.

## II. The Appeal

### A. The Decision

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2015, Finding 1, Record at 17; that he suffered from anal fistula, hyperlipidemia, obesity, low back pain, knee pain, glaucoma, and marijuana abuse, none of which, considered separately or in combination, were severe, Finding 4, *id.* at 17; and that, therefore, he was not under a disability, as that term is defined in the Social Security Act, at any time through the date of alleged onset of disability, April 9, 2010, through the date of the decision, September 27, 2012, Finding 5, *id.* at 20. The Appeals Council declined to review the decision, *id.* at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

### B.    Discussion

#### 1. Step 2 Issue

The plaintiff's first challenge to the administrative law judge's decision is a contention that his chronic perianal impairment was severe at the relevant time. Plaintiff's Statement of Errors ("Itemized Statement") (ECF No. 16) at 7-10. He asserts that each of the reasons given by the administrative law judge for rejecting this conclusion is not supported by substantial evidence. *Id*.

On this issue, the administrative law judge found the following:

> [T]he evidence supports [the plaintiff's] assertion that he has a fistula condition. However, it does not support his claim that the condition is

> severe and disabling, for several reasons. First, the claimant's allegations as to the disabling effects of his condition are internally inconsistent. Although he reported in 2011 that he suffer[ed] from constant, disabling pain, he also reported that his daily activities include[d] looking for a job and doing chores (Ex. 5E). Second, his allegations and testimony are inconsistent with his work history. He worked as a mechanic from at least 1999 through April 2010 (Exs. 4D, 7D, 4E), a period that encompasses much of the six to ten years that, according to his testimony, his condition has existed with little to no change. Thus, the evidence does not indicate that he is unable to return to his past relevant work. Third, the claimant's statements regarding his longstanding, constant pain are inconsistent with his medical history. There is no evidence as to what, if any, treatment he sought for his fistulas before 2010. In mid-2010, when he did seek treatment, he was diagnosed as having fistulas after complaining of occasionally painful bowel movements, and intermittent anal pain followed by drainage; rather than complaining of abdominal pain, he denied having it (Ex. 4F). The fistulas were surgically treated in July 2010 (Ex. 1F), and within two months after his surgery, he reported that he was doing well, that he was having daily bowel movements, and that his pain was resolved (Ex. 4F). Although he sought further treatment for the fistulas in May and June 2011, he again denied having abdominal pain, and complained of intermittent anal pain with drainage, and pain while sitting (id.). These complaints of intermittent anal pain have remained fairly consistent in 2012. The medical records and his testimony reflect that he manages his fistulas with a stool softener, a sitz bath apparatus, and pain medication (Exs. 10E, 2F, 4F). Given the lack of evidence substantiating the claimant's allegations, the undersigned cannot conclude that the claimant's anal fistulas are severe.

Record at 19.

The plaintiff addresses the listed reasons in the order stated by the administrative law judge. First, he notes that he said that he spends time looking for work only if his ailment allows, Itemized Statement at 8, a considerably more restricted statement than the administrative law judge's suggestion that he looked for a job on a daily basis. However, what the plaintiff said on the page of the record that he cites (a function report that he filled out) in response to the question "Describe what you do from the time you wake up until going to bed" is "take a shower, have breakfast, look for a job, do some chores if my a[il]ment allows, watch TV...." Record at 191. That statement, in substance and particularly given its punctuation, is more reasonably read as the administrative law

judge read it, rather than as the plaintiff would have it. Doing chores is modified by the phrase at issue. If, as the plaintiff asserts, he "understands from his past work experience with employers[] that employers are not willing to accommodate his need for unscheduled bathroom breaks of up to 20 minutes[,]" Itemized Statement at 8, his statement that he regularly looks for a job makes little sense.

Next, the plaintiff asserts that the fact that he worked from 1999 to 2010 with "little to no change in his condition" is "not an issue in this case" because he has claimed disability beginning on April 9, 2010 and had the fistulotomy surgery on July 13, 2010. *Id*. The plaintiff himself testified that the frequency of his need to use the bathroom had "about stayed the same" over the six to ten years that he had suffered from this problem and that "[n]ot really much" had changed about it. Record at 38. The plaintiff was testifying as of the time of the administrative hearing, so the administrative law judge was entitled to conclude from this testimony that the symptoms were approximately the same when the plaintiff was working as they were thereafter.

As to the third reason given by the administrative law judge, that the plaintiff's statements regarding longstanding, constant pain are inconsistent with his medical history, the plaintiff contends that the fact that he sought no medical treatment for the fistula condition before he stopped working "is not relevant to this case." Itemized Statement at 9. He says that "[t]he objective medical evidence demonstrates that he stopped working because his symptoms were interfering with his productivity at work (Record at 39)," *id*., but the citation is only to his own testimony, which is not "objective medical evidence."

The plaintiff next contends that "substantial evidence" contradicts the administrative law judge's finding that his fistulas were successfully treated with surgery in July 2010 and that, within two months thereafter, he reported that he was doing well and his pain had resolved. Itemized

Statement at 9. As the plaintiff suggests, that finding is not supported by the exhibit cited by the administrative law judge. Record at 252-60 (Exhibit 4F). In support of his assertion, the plaintiff cites his own reports of diarrhea, constipation, drainage, and pain to treatment providers over the two years following the surgery. *Id*. However, these reports were reviewed by the state-agency reviewing physicians who concluded that the fistulas did not constitute a severe impairment. Record at 60-63, 66-71. The state-agency review is substantial evidence in support of the administrative law judge's conclusion, despite her erroneous citation to the record.

The fifth and final reason given by the administrative law judge, that the plaintiff manages his intermittent anal pain adequately, is disputed by the plaintiff because his testimony is otherwise. Itemized Statement at 9. Of course, an administrative law judge is entitled to reject a claimant's subjective testimony, and the administrative law judge in this case found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with finding that the claimant has no severe impairment or combination of impairments for the reasons explained below." Record at 19. The plaintiff does not challenge this credibility finding.

The plaintiff did testify, as he notes, that it takes 15 to 25 minutes for each bowel movement with subsequent sitz bath, four to five times during the work day. Itemized Statement at 10. Again, however, this does not establish that the administrative law judge erred in concluding that "he manages his fistulas with a stool softener, a sitz bath apparatus, and pain medication." Record at 19. He cites no evidence to support the conclusion that he draws from the cited testimony—that no employer would allow him to take such breaks. As was the case with the fourth reason, there is no showing that the state-agency reviewing physicians erred in concluding that the plaintiff's

7

fistulas were not a severe impairment, and the administrative law judge could properly rely on those opinions.

## 2. Treating Physician

The plaintiff contends that the administrative law judge committed reversible error in not adopting the opinion of his primary care physician, Dr. Miller. Itemized Statement at 10-11. Unfortunately, he does not say what that opinion is other than that the plaintiff would need unscheduled breaks for trips to the bathroom. *Id*. If that is the opinion upon which the plaintiff relies, it does not, standing alone, require reversal. At least one of the two state-agency reviewers was aware of this asserted need. Record at 69.

In addition, the administrative law judge explained why she did not credit the more specific limitations assigned by Dr. Miller, as follows:

> One of the claimant's treating physicians, Karl Miller, M.D., opined in August 2012 that the claimant probably could not work a normal forty-hour work week without impairment-related interruptions, and that he would be restricted to working shifts of seven hours per day and thirty-five hours per week (Ex. 11F). This opinion is entitled to little weight. Dr. Miller acknowledged that he had been treating the claimant for only four months, and that he did not have the benefit of a complete copy of the claimant's medical records (id.). Additionally, he offered no explanation as to why the claimant could work seven hours, but not eight.

*Id*. at 20. Again, at least one of the state-agency reviewing physicians took into account the plaintiff's need for frequent bathroom breaks in finding the fistulas not to be severe. *Id.* at 69. The administrative law judge was entitled to rely on the state-agency physician opinions,[2] and her

---

[2] At oral argument, the plaintiff's attorney asserted that the opinion of a treating source should always be given more weight than that of a state-agency reviewing physician when those opinions are not consistent. This standard is not contemplated by applicable Social Security regulations and would render record reviews by state-agency physicians familiar with Social Security regulations an empty exercise, since an administrative law judge could only rely upon them when they were consistent with a treating source's opinion, a circumstance in which the opinions of the state-agency physicians would only be cumulative.

reasons for discounting Dr. Miller's expressed limitations, even assuming that issue is properly presented on appeal, are unchallenged.

### III. Conclusion

For the foregoing reasons, the motion to add new evidence to the record is **DENIED**, and the commissioner's decision is **AFFIRMED**.

Dated this 4th day of January, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge